CATHERINE M. BRIGHT, *et als.*, *v.* L. P. BRIGHT, *et al.*

1. TRUSTS.—*Administrator. Chancery Courts. Power to transfer trust funds to another State.* Where the beneficiary of a trust fund becomes a resident of another State, and by proper proceedings in a Chancery Court there procures the appointment of a trustee, with sufficient bond, for the custody of the fund, the fund may be transferred, by a decree of the Chancery Court of this State, to such trustee, upon application, accompanied with a certified transcript of the proper proceedings had in the Court of that State, and the administrator, or trustee, here is released from all further liability.

2. SAME. *Same. Rights of remainder-men. Pleading.* The remainder-men, entitled, upon the death of such beneficiary, to the fund, are not necessary parties to a proceeding of this kind.

Case cited : Giffard *v.* Hort, 1 Scho. & Lef., 408.

---

FROM LINCOLN.

---

Appeal from the Chancery Court. W. P. HICKER-SON, Judge, presiding, by interchange.

KERCHEVAL & KERCHEVAL for Catherine. M. Bright, *et als.*

W. B. MARTIN and BOYLES & BURNAM for L. P. Bright, *et al.*

NICHOLSON, C. J., delivered the opinion of the Court.

James Bright died in Lincoln County in 1870, having made his will, which was duly proven and recorded. The executors named in the will having

declined to serve, L. B. Bright was appointed administrator, with the will annexed. By one of the provisions of his will, testator gave to his daughter, Catherine M. Bright, four thousand dollars, and vested the same in James B. Lamb, as trustee, with power to use the interest, or even the corpus of the fund, if necessary, for the comfortable support and maintenance of Catherine M. The trustee declined to accept the trust, and the County Court of Lincoln County appointed L. C. Bright, trustee, who accepted, and gave bond. The fund came into his hands, and he has discharged his duties, as directed in the will. It appears that Catherine M. is permanently afflicted and disabled, and having an only sister living in Kentucky, she has removed, and is living there with her sister, as the most suitable person to attend to and provide for her in her afflicted condition.

For the purpose of having the trust fund transferred to the present place of her residence, Catherine M. applied to the Circuit and Chancery Courts of Clark County, in Kentucky, the county of her residence, to have a trustee appointed there for the custody and management of the fund. Regular steps were taken, which resulted in the appointment of a trustee, who entered into bond with satisfactory security.

An application was then made to the Chancery Court at Fayetteville, in Tennessee, based upon a certified transcript of the record from Kentucky, and upon allegations that it was to her manifest interest and advantage that the trust fund should be transferred

to the place of her residence, there to be held and managed by the trustee appointed for the purpose. The administrator, L. P. Bright, and the trustee, L. C. Bright, are made defendants to the bill. The answers admit the facts alleged, and agree that it would be to complainant's interest that the fund should be transferred as prayed for. But the question as to the power of the Chancery Court to order the transfer is submitted to the Court, as also the question, whether such a decree of transfer would be a protection to the administrator and trustee against any further claim of those entitled, in remainder, to the fund after complainant's death.

The Chancellor held, that the Chancery Court had jurisdiction to decree a transfer of the trust fund, and that the facts furnished sufficient evidence that the transfer should be made as prayed for.

He held, also, that the appointment of L. C. Bright, as trustee, was not binding on complainant, and ordered the trustee and administrator to pay the fund into Court. But as the amount of the fund was not certain, an account was ordered.

From this decree, by the consent of the Court, an appeal was taken, by the defendants, to this Court.

The jurisdiction of Courts of Chancery to administer and execute trusts, whether created by deed or will, is unquestionable. In exercising this jurisdiction, the trust is to be so executed as to effectuate the intention and purpose of the donor or testator, in its creation. Looking to the will of James Bright, we find that

his intention and purpose, as already expressed, was to secure to an afflicted daughter a permanent support during her life. It was not his purpose to put any restriction upon the future residence of his daughter. She is as much entitled to the benefit of the provision made for her after removing to Kentucky as before. The Court is empowered to administer the trust, or have it administered, in such way that she shall have the full benefit of the fund, whether she lives in Kentucky or Tennessee.

The application here is to have the fund transferred to a trustee, appointed by the Chancery Court in Clark County, Kentucky, where complainant resides, to be there administered under the control of the Chancery Court, in pursuance of the directions of the will.

We hold this to be the proper mode of making the transfer of the funds, and that upon proof by certified transcript of the proper proceedings in the Chancery Court of Clark County, Kentucky, and satisfactory evidence that bond, with sufficient sureties, has been executed by the trustee appointed by the Court in Kentucky, the Chancery Court at Fayetteville could legally and properly order the fund to be transferred to such trustee, and that such transfer would be a full and conclusive release of the administrator and trustee in Lincoln County from further liability. After the transfer the fund will be as secure as before, and subject to be applied as effectually in carrying out the object of the testator, as if administered in Tennessee.

The next question is, whether the remainder-men,

entitled upon the death of Catherine M. to the fund, are necessary parties to the proceedings? After vesting the fund in a trustee, with directions to loan it out, and apply the interest annually for the support of Catherine M., and if necessary, to use the principal fund, in whole or in part, for such purpose, the will proceeds: "At her death, it is my will that such part of said $4,000, as may not be expended for her necessary support, shall be equally divided among my other children and my grandchildren of deceased parents, etc." The legal title vests in the trustee, and the equitable title in Catherine M., with a contingent remainder to testator's children and grandchildren, at the death of Catherine M. The contingency is double, first, upon any of the fund being left, and second, upon the surviving of Catherine M. until her death, no title can vest, and whether any shall vest then it is entirely uncertain, both as to the amount, or whether any amount, and as to the persons entitled to take. The party having a present interest, and the one who was the leading object of the testator's bounty, to-wit, his daughter, Catherine M., is before the Court, and she is the only necessary party. This would be so, if it was an application to convert or invest the fund. Even in the case of land, it is held, that when all the parties are not, or can not be brought before the Court, it is sufficient, as Courts of Equity have held, on grounds of high expediency, to bring before the Court the first person entitled to the inheritance, and if there be no such person, then the tenant for life.

8—vol. 3.

*Giffard* v. *Hort,* 1 Scho. & Lef., 408. But this is not an application to convert or change the character of the fund, but simply to change it from one jurisdiction to another, having equal power to protect and administer it according to the will of the testator. Clearly, in such case, the contingent remainder-men are not necessary parties.

Upon the whole case, we are satisfied that the decree of the Chancellor is correct, and we affirm it, and remand the cause, that the account may be taken as ordered, and the further steps had to effectuate the transfer of the fund. The costs of this Court will be paid out of the fund by the trustee.